IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOLINA HEALTHCARE
OF NEW MEXICO, INC.

      Plaintiff,

v.                                                                    No. 9-CV-853 WJ/LFG

EL PASO HEALTHCARE
SYSTEM, LTD.

      Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)

THIS MATTER comes before this Court on Defendant's Opposed Motion to Dismiss or Transfer for Improper or Inconvenient Venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The parties to this suit dispute the reimbursement rate provided under New Mexico's Medicaid program. Defendant moves to dismiss Plaintiff's Complaint, asserting that the claims in this lawsuit are compulsory counterclaims that should have been asserted in an underlying lawsuit[1] in the United States District Court for the Western District of Texas ("the Texas lawsuit"). Because the claims plead in this case are compulsory counterclaims, Defendant's Motion to Dismiss is GRANTED, and this case is DISMISSED.

---

[1] *El Paso Healthcare System, Ltd. v. Molina Healthcare of New Mexico, Inc.,* 3:09-CV-54-KC (W.D. Tex. Oct. 9, 2009).

**BACKGROUND**

The Defendant, El Paso Healthcare System, Ltd. ("El Paso Healthcare"), originally sued Plaintiff Molina Healthcare of New Mexico, Inc. ("Molina") in Texas state court to obtain, in part, a declaratory judgment regarding the appropriate rate of reimbursement for outpatient services under the New Mexico Administrative Code. Molina operates a health plan that provides insurance to patients enrolled in the New Mexico Medicaid program. As part of Molina's arrangement with the New Mexico Medicaid agency, Molina receives a fee directly from the New Mexico Human Services Department for each Medicaid beneficiary who is enrolled in Molina's health plan. Many of the patients enrolled in Molina's health plan live in New Mexico communities that border El Paso, Texas and receive healthcare services at hospitals operated by El Paso Healthcare. Because El Paso Healthcare does not have a contract with Molina which defines reimbursement rates, Molina must pay El Paso Healthcare the regulatory default rate laid out in Medicaid regulations. N.M. ADMIN. CODE tit. 8 § 4.MAD.704. The parties dispute the default outpatient reimbursement rate required under New Mexico law.

Molina removed the Texas lawsuit to federal district court in El Paso, Texas, and then filed a motion to transfer the case to the United States District Court for the District of New Mexico on the basis that it was not amenable to process served in Texas and that the District of New Mexico was a more convenient forum. The Texas court denied Molina's motion and subsequently entered a scheduling order. Shortly before the deadlines for completion of discovery and filing of dispositive motions, Molina attempted to add counterclaims against El Paso Healthcare by filing a Motion for Leave to Amend and File a Counterclaim. On the same day, Molina filed, but did not serve, this lawsuit in federal district court in New Mexico.

Although both suits concern the proper Medicaid reimbursement rate, Molina contends

2

that the claims brought before this Court are not compulsory counterclaims. El Paso Healthcare filed this Opposed Motion to Dismiss or Transfer for Improper or Inconvenient Venue based on two alternative legal questions: (i) whether Molina's claims represent compulsory counterclaims, barred by Federal Rule of Civil Procedure 13(a)(1); and (ii) if not, whether this Court should transfer Molina's claims to the Texas lawsuit. The Court finds that the counterclaims filed are compulsory and barred by Federal Rule of Civil Procedure 13(a)(1)—making dismissal appropriate. Therefore, the Court need not address the second question.

## ANALYSIS

"A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). "The New Mexico rule governing compulsory counterclaims, which is virtually indistinguishable from the federal rule, incorporates a logical relationship test. 'A logical relationship will be found if both the claim and the counterclaim have a common origin and a common subject matter.'" *Glasgow v. Eagles Pacific Ins. Co.*, 45 F.3d 1401, 1402-03 (10th Cir. 1995) (citations omitted). In the interests of judicial economy, courts accord the terms "transaction" and "occurrence" a liberal construction. *Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974), *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997).

In this case, it is clear that the two lawsuits between Molina and El Paso Healthcare share a common origin and subject matter in both law and relevant fact. Both parties concede that each lawsuit asks the respective Courts to determine the appropriate rate of reimbursement under the same sections of the New Mexico Administrative Code. Molina even plainly admits

"that there is a logical connection between the Texas suit and this lawsuit." Doc. 9, Pl.'s Resp. at 4. The only distinction raised by Molina is that this case concerns services provided since "at least 1997", while the Texas lawsuit concerns services provided after 2006. Pl.'s Compl. ¶ 15. Because this lawsuit covers a different time span, it necessarily involves different Medicaid enrollees, different medical services, different claims for payment, and different payments. However, Molina fails to demonstrate how these differences *are relevant* in determining the appropriate rate of reimbursement in this case.

Although the lawsuits contain claims regarding different episodes of care and different payment dates, these are not dispositive fact issues that will determine the outcomes of the lawsuits. The relevant provisions of the New Mexico Administrative Code used to determine the appropriate rate were unchanged from February of 1995 to August of 2008. Molina does not dispute the fact that the same regulations apply to both lawsuits despite the different time spans. Molina does not explain how any of the differences of fact presented above are relevant in maintaining this suit when the central question to this suit is already pending in the Texas lawsuit. Molina asserts that there is no possibility of inconsistent judgments between the two courts because they address different time periods.

While it is technically true that Molina could comply with divergent judgments from the two courts, such a situation is obviously not ideal. Because both lawsuits are controlled by one legal issue—the applicable regulatory rate between 1995 and 2008—and because any decision by the Texas court must involve an interpretation of the regulations, Molina's claims before this Court constitute compulsory counterclaims. Allowing an independent lawsuit in New Mexico would subvert the requirements for filing a compulsory counterclaim under the Federal Rules of

Civil Procedure, as well as the deadlines set by the Texas court. Molina's claims should have been filed in a timely fashion in the Texas lawsuit.

In short, a logical relationship exists between the two lawsuits. It is clear that the claims of Molina and El Paso Healthcare share a common origin and subject matter. In both lawsuits, Molina's (or its predecessor-in-interest's) Medicaid enrollees sought and received care at El Paso Healthcare, El Paso Healthcare billed Molina for these services and Molina paid El Paso Healthcare for the services rendered. Both lawsuits seek a court determination of the appropriate rate for El Paso Healthcare's services, a legal question based on the same New Mexico regulations in both lawsuits. Therefore, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406.

Because Molina has a motion pending in the Texas lawsuit to add these counterclaims, transferring the claims in this case is unnecessary. The Texas court should be able to decide, in the first instance, whether to dismiss the counterclaims as untimely or permit Molina to assert them. Because the claims asserted by Molina in this case are compulsory counterclaims in the Texas lawsuit, Defendant El Paso Healthcare's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) is GRANTED, and this case is DISMISSED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE